```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN BERTULIS                      :    CIVIL ACTION
                                   :
        v.                         :
                                   :
JOHN J. DOUGHERTY & SONS, INC.,    :
JOHN J. DOUGHERTY, THOMAS BROWN,   :
and PAUL BORUSIECIZ                :    NO. 02-3209
```

ORDER

AND NOW, this 12th day of September, 2002, upon consideration of defendants' motion to dismiss and plaintiff's response thereto, and the Court finding that:

(a) Plaintiff John Bertulis has commenced this action with a complaint against his former employer, John L. Dougherty & Sons, Inc., and its president, John J. Dougherty, controller Thomas Brown, and lead foreman Paul Borusieciz, asserting claims under the Family and Medical Leave Act (FMLA), Title I of the Americans with Disabilities Act (ADA), and the Pennsylvania Human Relations Act (PHRA);

(b) Defendants now move to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6);

(c) In considering a motion to dismiss, we must accept the facts alleged in the complaint as true and all reasonable inferences that can be made from them, Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990), and may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

(d) The complaint alleges, in relevant part, that:

      (i) Bertulis worked at Dougherty as a heavy equipment operator from 1987 to 1990, and after a hiatus due to a work related injury, returned to Dougherty in the paving department in 1997, where he worked "until April 2000, when he injured his neck," Compl. ¶¶ 9-11;

      (ii) In June 2000, Bertulis had surgery for a cervical disc herniation, <u>id.</u> at ¶ 11;

      (iii) "After surgery, Bertulis was advised [by his doctor] that he could return to work in September 2000, but that the amount of weight that he could lift would be limited," <u>id.</u> at ¶ 12;

      (iv) Bertulis is a qualified individual with a disability, and was regarded as such by the defendants, <u>id.</u> at ¶¶ 13-14;

      (v) In early September 2000, Bertulis contacted John Dougherty, Brown, and Borusieciz to tell them that he would be able to return to work on September 13, 2000, <u>id.</u> at ¶¶ 14-17;

      (vi) "Mr. Borusieciz advised Bertulis that his position had been eliminated and that he could not return to work for Dougherty because they had no position available for him," id. at ¶ 18;

      (vii) "Dougherty claims that the paving department, in which Bertulis worked prior to his injury[,] was discontinued, and, therefore, there was no position to which Bertulis could return. However, upon information and belief,

other employees who worked in the paving department were transferred to other departments within Dougherty," id. at ¶ 19;

  (viii) "Dougherty refused to permit Bertulis to return to work in a position which would accommodate his serious health condition and disability," id. at ¶ 20; and

  (ix) Bertulis now brings claims under the FMLA, Title I of the ADA, and the PHRA challenging his separation from Dougherty after his leave of absence and cervical disc herniation operation;

 (e) Defendants first attack plaintiff's FMLA claim;

 (f) We agree with defendants that the complaint does not plead facts supportive of an FMLA claim;

 (g) "Generally, the FMLA provides eligible employees with the right to take up to 12 work-weeks of leave during a 12-month period for a serious health condition. 29 U.S.C. § 2612(a)(1)(D). At the end of the leave period, the employee has the right to be restored to her former position or an equivalent position. 29 U.S.C. § 2614(a)(1)," Alifano v. Merck, 175 F. Supp. 2d 792, 794 (E.D. Pa. 2001);

 (h) However, to trigger the employer's obligation, the employee has his own duty to provide the employer with notice of the impending medical absence;

 (i) "An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under

the FMLA or even mention the FMLA, but may only state that the leave is needed....," 29 C.F.R. § 825.302; see also 29 U.S.C. § 2612(e)(1);

   (j) Where possible, the employee must provide the employer with such notice at least thirty days in advance, 29 U.S.C. § 2612(e)(B); 29 C.F.R. § 825.303;

   (k) Here, the complaint does not even suggest that Bertulis notified Dougherty that he will be taking medical leave, and of the expected timing and duration;

   (l) Thus, Dougherty had no concomitant duties under the Act[1];

   (m) Count I (FMLA) of the complaint is dismissed without prejudice;

   (n) If Bertulis did in fact give his employer notice of his expected medical leave, plaintiff may amend his complaint accordingly;

   (o) The other arguments defendants make attacking plaintiffs' FMLA claim are denied without prejudice and (if Bertulis amends his complaint in conformity with this Order) may be reasserted after the close of discovery on summary judgment;

---

[1] Dougherty did have the standing obligation to keep posted in a conspicuous place a notice of employees' rights under the FMLA. Bertulis claims it did not do this. Compl. ¶ 39. See 29 U.S.C. § 2619 and 29 C.F.R. § 825.300. However, an employer's violation of the posting requirement, by itself, does not give rise to a private right to sue. Cormier v. Littlefield, 112 F. Supp, 2d 196, 200 (D. Mass. 2000); Knussman v. Maryland, 16 F. Supp. 2d 601, 608 n.3 (D. Md. 1998).

(p) As to Bertulis's ADA claim, Bertulis sufficiently establishes an ADA claim to proceed at this procedural juncture, i.e., we cannot say that he can prove no set of facts consistent with his allegations that will entitle him to relief, Hishon, 467 U.S. at 7, and believe that the complaint contains "sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist," Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993);

(q) Defendants claim that Bertulis did not exhaust administrative remedies as to the retaliation portion of his ADA claim;

(r) Defendants attach the administrative complaint that Bertulis filed with the PHRC and EEOC and maintain that it "contains no claim or allegation that [Bertulis] was not restored to his former position at J.J. Dougherty in retaliation for taking a medical leave of absence or because of an alleged disability known to his employer and/or supervisors," Mem. L. in Supp. of Mot. to Dismiss, at 16;

(s) Bertulis has exhausted his administrative remedies if the unlawful acts alleged in this civil action are fairly within the scope of the earlier administrative complaint or the administrative investigation therefrom, Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996);

(t) Although the pro se administrative complaint does not use the word "retaliation", it makes clear that Bertulis was grieving the loss of his job after his return from medical leave,

and suggests a connection between the adverse job action and the medical leave and back injury, which is sufficient to show exhaustion of the retaliation claim at this procedural juncture;

(u) Next, defendants claim that Bertulis's complaint does not allege a disability within the meaning of the ADA;

(v) It is true that for a physical or mental impairment to qualify as a disability under the ADA it must "substantially limit[] one or more of the major life activities," see 42 U.S.C. § 12102(A); Toyota Motor Mfg. v. Williams, ___ U.S. ___, 122 S. Ct. 681 (2002);

(w) The complaint does not set forth one or more of the major life activities (e.g., walking, seeing, performing manual tasks, id. at 690) that plaintiff's neck injury is alleged to have substantially limited;

(x) However, the complaint does aver that plaintiff suffered from a cervical disc herniation;

(y) As one court has stated,

> A herniated disc is the rupture of the fibrocartilage surrounding an intervertebral disk, releasing the nucleus propulsus that cushions the vertebrae above and below. The resultant pressure on spinal nerve roots may cause considerable pain and damage to nerves.

Nusbaum v. CB Richard Ellis, Inc., 171 F. Supp. 2d 377, 379 n.3 (D.N.J. 2001) (quoting Mosby's Medical Nursing Allied Health Dictionary 756 (5th ed. 1998));

(z) The complaint alleges facts which, viewed in a light most favorable to the plaintiff, suggest that Bertulis

suffered from a physical impairment that substantially limited a major life activity;

  (aa) Whether Bertulis was in fact disabled under the Act is a question of fact that can only be meaningfully and dispositively resolved after discovery on summary judgment or at trial;

  (bb) Lastly, defendants contend that the complaint does not allege a vacant position for which Bertulis was qualified, and, thus, defendants argue, does not make out a claim of failure to accommodate for refusal to transfer;

  (cc) Ultimately, to prevail on a theory of failure to accommodate by reason of refusal to transfer, Bertulis must "make at least a facial showing that there were vacant, funded positions whose essential functions he was capable of performing," Mengine v. Runyon, 114 F.3d 415, 419 (3d Cir. 1997) (quotations omitted);

  (dd) However, Bertulis has no obligation to identify a vacant position before discovery, Donahue v. Consol. Rail Cor., 224 F.3d 226, 234-35 (3d Cir. 2000) (reasoning that "if, after a full opportunity for discovery, the summary judgment record is insufficient to establish the existence of an appropriate position into which plaintiff could have been transferred, summary judgment must be granted in favor of the defendant");

  (ee) Finally, defendants maintain that the PHRA claim should be dismissed against the individual defendants because the complaint fails to allege facts suggesting that the individual

defendants were complicit in the employer's alleged discrimination under 43 Pa. C.S.A. § 955(e) (stating that "[i]t shall be an unlawful discriminatory practice...[f]or any person...to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act"); and

(ff) However, the complaint does allege that Bertulis asked all three individual defendants to permit him to return to work, and that none of them granted his request, which is sufficient to support aiding and abetting at this early juncture;

It is hereby ORDERED that:

1. The motion to dismiss (Doc. No. 3) is GRANTED IN PART AND DENIED IN PART;

2. Count I (FMLA) of the complaint is DISMISSED WITHOUT PREJUDICE and, in all other respects, the motion to dismiss is DENIED;

3. Plaintiff may amend his complaint in conformity with this Order, paragraphs (g) through (k), if he is able to do so consistent with Federal Rule of Civil Procedure 11; and

4. Plaintiff shall FILE any amended complaint by September 27, 2002.

BY THE COURT:

_____
Stewart Dalzell, J.